MAYOR AND CITY COUNCIL OF HAVRE DE GRACE *v.* C. C. ROUSE, TREASURER OF HARFORD COUNTY.

[No. 55, January Term, 1928.]

*Decided April 18th, 1928.*

218

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGS, PARKE, and SLOAN, JJ.

*Frederick Lee Cobourn,* for the appellant.

*John S. Young,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The question presented by this appeal involves the proper apportionment and distribution between the City of Havre de Grace and Harford County, Md., of the one per cent. tax on bank stock paid by the residents of said city.

Section 167 of article 81 of the Code of 1924, or chapter 797 of the Acts of 1914, as amended by chapters 294 of the Acts of 1918, and 64 of the Acts of 1920, provides that upon the value "of the shares of stock of any bank, state or national, and trust company, located and doing business in this state" shall be paid a tax of "one per cent. and no more, in all for all county, city and municipal taxation, which said tax shall be distributed among the different jurisdictions entitled to tax the said shares, in the proportion which the rate of each jurisdiction bears to the aggregate of the rate of such jurisdictions, and said tax shall be in lieu of all other taxes whatsoever, for county and municipal purposes upon the shares of stock and the owners of stock in such banks or trust companies."

In the charter of Havre de Grace, chapter 680, section 359, of the Acts of 1916, is found the following provision:

"The County Commissioners shall be relieved from the care of the roads, streets and alleys within the corporate limits of the City of Havre de Grace and the care of the same shall be transferred to the Mayor and City Council of Havre de Grace; and in consideration of said transfer all the property within the corporate limits of said city shall hereafter be exempt from taxation for public, district or county road pur-

poses outside of said corporate limits; but nothing in this section contained shall be construed as preventing or prohibiting the said County Commissioners of Harford County from making appropriations out of the general levy of the county for the use of the corporation of Havre de Grace or from levying for the same."

Heretofore the whole of this tax has each year been paid to the treasurer of Harford County, who has apportioned and distributed it between the county and the city, using as a basis for computation the county rate outside of the City of Havre de Grace for each of said years.

This apportionment, as claimed by the city, was not made in compliance with section 167 of article 81 of the Code, considered in connection with the above stated provisions of its charter, its contention being that it was not the county rate outside of the City of Havre de Grace, but the county rate within the city, that should have been considered and used in apportioning the tax between the city and the county, and it was to recover the balance of the tax claimed to be owing for the years 1922, 1923, and 1924, as a result of the alleged wrongful apportionment made in each of those years, that the suit in this case was brought by the city against the treasurer of Harford County.

The case was tried by the court, sitting as a jury, and, at the conclusion of the trial, the court was asked by the plaintiff "to rule as a matter of law that the basis for the computation of the amount of taxes due the plaintiff and the defendant, and collected by the defendant upon the shares of stock of banks and trust companies under the authority of section 167 of article 81 of the Code of Public General Laws, in which said plaintiff is entitled to share, shall be the aggregate of the tax rate of Harford County imposed upon property in the City of Havre de Grace and the tax rate of said city for the respective years; and the plaintiff is entitled to a distribution of said taxes collected as aforesaid, in the proportion in which the rate of taxation of said plaintiff bears to the aggregate of the rates of taxation of Harford County imposed upon property within the City of Havre de Grace and

the rate of taxation of said city for the respective years." This prayer of the plaintiff was refused and a verdict was rendered for the defendant and upon the verdict a judgment was entered for the defendant's costs. It is from that judgment that this appeal was taken.

The sole question raised by the appellant's prayer was whether the county rate in the city, as it is called by the appellant, or the county rate outside of the city, should have been considered and used in apportioning the tax between the city and county.

The court, by its refusal of appellant's prayer, held that it was the county rate outside of the city that should have been considered and used in apportioning the tax, and in that conclusion we agree with the court below.

The so-called county rate in the city is less than the county rate in other parts of the county, owing to the fact that it does not contain any charge or tax for the maintenance or upkeep of the roads and highways. This is true because the city, by its charter provision, is excused from contributing to the expense of maintaining the public roads and highways in the county outside of its limits, in lieu of its assuming the whole expense of maintaining the public roads and streets within the city, and for such purposes it is allowed to expend the amount it would have contributed under the county levy for the maintenance of public roads, streets, and highways of the county, had the charter provisions not been passed. It was no doubt thought by the county and city authorities that, in the passage of this charter provision, the amount to be expended by the city on its streets and highways, unaided by the county, would be at least equal to the amount that it would have contributed to the maintenance of the public roads throughout the county, including the city, had this provision not been passed; and while it does not appear that the county rate within the city includes any provision for road maintenance in the city, nevertheless, it is, in a sense, contributing thereto under said provision of the charter, and this fact should be considered in determining the county rate of taxa-

tion in Harford County to be used in the apportionment of the bank tax between it and the City of Havre de Grace.

The statute provides that the tax shall be apportioned and distributed "in the proportion which the rate of each jurisdiction bears to the aggregate of the rates of such jurisdictions." A fair interpretation of this language, we think, requires us to hold that the county rate of Harford County, outside of the city, is the rate to be used in apportioning the bank tax between the city and the county. It would, we think, be going very far to hold that for such purpose the county rate within the City of Havre de Grace, a single division of the county, containing no charge or tax for public road purposes, is the county rate of Harford county, to be used in the apportionment of the bank tax between the city and county.

Being of this opinion, we will affirm the judgment appealed from.

*Judgment affirmed, with costs.*

SLOAN, J., dissents.